FIRST PYRAMID LIFE INSURANCE COMPANY of America *v.* J. Michael STOLTZ, as Special Administrator of the Estate of J.P. Stoltz, Deceased

92-4                                        843 S.W.2d 842, 846

Supreme Court of Arkansas
Opinion delivered February 15, 1993

96

*Peter G. Kumpe*, for appellant.

*Davidson Law Firm, Ltd.*, by: *Charles Phillip Boyd, Jr.*, for appellee.

PER CURIAM. Appellee's motion for vacatur, to disqualify, and in the alternative, to appoint a special master is denied.

HOLT, C.J., concurs.

DUDLEY, J., not participating.

JACK HOLT, JR., Chief Justice, concurring. The appellee, Estate of J.P. Stoltz (hereafter "the Estate"), has filed a petition for rehearing requesting that this court vacate its decision of December 21, 1992, reversing a jury verdict in the Estate's favor. In addition, the appellee has filed a separate motion for "vacatur" praying that all members of this court who participated in this case disqualify themselves from rendering any further decision on the merits of this case and that seven special justices be appointed. The court treated this motion as a Letter of Suggestion of Disqualification, Ark. Sup. Ct. R. 27, since our rules do not provide for a motion for vacatur.

The Estate's Motion for Vacatur is premised upon allegations that I have a social relationship with Mr. Herschel Friday of the Law Firm of Friday, Eldredge & Clark that renders my decision making in this case impaired and because of this relationship, that all members of this court should disqualify.

The determinative issue in this case is whether the appellee, Estate of J.P. Stoltz, had proven fraudulent concealment on the part of First Pyramid Life Insurance Company in order to toll the statute of limitations on the Estate's claim. In an unanimous decision, the other justices were in agreement that the Estate had not proven fraudulent concealment and that the Estate was not entitled to a judgment in its favor. Neither Mr. Friday nor members of the Friday, Eldredge and Clark firm were parties or counsel to the litigation in question, nor served as attorneys at trial or during this appeal.

No one outside of this court has discussed this case with me during its pendency on appeal. My relationship with Mr. Friday

is of no moment. It does not impair my decision making processes in this case. For these reasons, I decline the appellee's suggestion that I disqualify.